# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MONDRIC BRADLEY**                                                                        **PLAINTIFF**

**V.**                                     **NO. 4:14CV13-DMB-JMV**

**CHRISTOPHER EPPS, ET AL.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Mondric Bradley, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g).

### Three Strikes

The *pro se* prisoner plaintiff, an inmate in the custody of the Mississippi Department of Corrections, has submitted a complaint challenging the conditions of his confinement under 42 U.S.C. § 1983.

Section 1915(g) of the Prison Litigation Reform Act provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Bradley has accumulated "strikes" under 28 U.S.C. § 1915(g) in the following three cases: *Bradley v. Thompson*, 4:98CV171-GHD-JAD (dismissed as frivolous), *Bradley v. Puckett*, 4:96CV280-WAP-JAD (dismissed for failure to state a claim), and *Bradley v. MDOC, et al.*, 4:06CV205-MPM-JAD

(dismissed for failure to state a claim). As Bradley has "struck out" under the Prison Litigation Reform Act, he may not proceed *in forma pauperis* in the present case unless he can show that he is in imminent danger of serious physical injury. As set forth below, he has not done so.

## Factual Allegations

Bradley primarily alleges that he is being held beyond the expiration of his sentence. These allegations arose sometime before 2010 and, in any event, do not implicate imminent danger of injury. He also alleges that various prison guards attacked him in November 2013 by spraying him with a chemical agent then punching and stomping on him. This incident arose from a finding that Bradley was guilty of assaulting a prison guard by striking her with one of his crutches.

## Discussion

Bradley alleges that various defendants assaulted him in November 2013 regarding the allegation that he assaulted a prison guard; however, that allegation does not show that he is presently in danger of being assaulted. Based upon his allegations and the documentation he provided with his complaint, the attack was an isolated occurrence arising out of a confrontation with prison guards. These allegations are insufficient to prove that Bradley is currently in "imminent danger of serious physical injury" and thus do not meet the test for overcoming the "three strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). As such, the instant case is **DISMISSED** under the "three strikes" provision of 42 U.S.C. § 1983.

**SO ORDERED**, this the 10th day of April, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**