# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MONDRIC BRADLEY                                                                     PLAINTIFF

V.                                                      NO. 4:14-CV-13-DMB-JMV

CHRISTOPHER EPPS, ET AL.                                       DEFENDANTS

## ORDER

This *pro se* prisoner case filed under 42 U.S.C. § 1983 comes before the Court on remand from the Fifth Circuit Court of Appeals for a ruling affecting appellate jurisdiction. This Court initially held that Plaintiff Mondric Bradley was barred from proceeding *in forma pauperis* under the "three strikes" provision of 28 U.S.C. § 1915(g). After the Court entered final judgment, Bradley filed a document entitled "Memorandum in the Support of Motion," *see* Doc. #11, which included a section entitled, "Motion for Objection by Summary Judgement Releif [sic] Pursuant & Under Rule 56," *id.* at 2. The submission was docketed as a memorandum in support of Bradley's complaint, which had been dismissed. The Court thus took no action as to the memorandum.

Bradley proceeded on appeal, and the Fifth Circuit held that the "Memorandum in the Support of Motion" was, instead, a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). As this Court has not addressed the document as a Rule 59(e) motion, the Fifth Circuit remanded the case for a ruling on it.

An order granting relief under Rule 59(e) is appropriate: (1) when there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). In this case, Bradley argued that the Court was mistaken in counting the dismissal of a previous case as a "strike" under 28 U.S.C. §

1915(g). He is correct. Although the case of *Bradley v. Puckett, et al.*, 4:96-CV-280-WAP-JAD (N.D. Miss.), was initially dismissed for failure to state a claim—which would count as a "strike" under § 1915(g)—that decision was later vacated and remanded by the Fifth Circuit. *See* 157 F.3d 1022 (5th Cir. 1998). On remand, the case proceeded to a jury trial, and the jury returned a verdict for the defendants. Thus, this Court's erroneous finding that *Bradley* operated as a "strike" constitutes a manifest error of fact under *Schiller*.

Accordingly, Plaintiff's motion [11] to alter or amend judgment is **GRANTED**. The Clerk of the Court is **DIRECTED** to **REINSTATE** this case on the Court's active docket, and to **REINSTATE** Plaintiff's motion [2] to proceed *in forma pauperis*.

**SO ORDERED**, this 30th day of March, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**