**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MONDRIC BRADLEY**                                                                                    **PLAINTIFF**

**V.**                                                                **NO. 4:14-CV-00013-DMB-JMV**

**CHRISTOPHER EPPS, ET AL.**                                                    **DEFENDANTS**

## **MEMORANDUM OPINION**

The Court, *sua sponte*, reconsiders the *in forma pauperis* status of *pro se* prisoner Mondric Bradley under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases dismissed ("three strikes") as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court initially dismissed the instant case because it appeared that Bradley had struck out under the three strikes provision of 28 U.S.C. § 1915(g), counting the following dismissals as strikes: *Bradley v. Thompson*, 4:98-CV-00171-GHD-JAD (frivolous); *Bradley v. Puckett*, 4:96-CV-00280-WAP-JAD (failure to state a claim); and *Bradley v. MDOC, et al.*, 4:06-CV-00205-MPM-JAD (failure to state a claim). Doc. #6 at 1–2. Bradley appealed and the case was remanded "for the limited purpose of allowing the district court to address Bradley's pending [Rule 59(e)] motion." Doc. #14 at 2.

On remand, the Court found that the dismissal in *Bradley v. Puckett*, 4:96-CV-280-WAP-JAD (N.D. Miss), could not count as a strike because "[a]lthough the case of *Bradley v. Puckett, et al.*, 4:96-CV-280-WAP-JAD (N.D. Miss.), was initially dismissed for failure to state a claim—which would count as a 'strike' under § 1915(g)—that decision was later vacated and remanded by the Fifth Circuit." Doc. #15 at 2. In light of this Court's determination that Bradley did not have three strikes,

United States Magistrate Judge Jane M. Virden granted Bradley's motion to proceed *in forma pauperis*. Doc. #16.

Since then, the Court has discovered that Bradley appealed the dismissal of his case in *Bradley v. MDOC, et al.*, 4:06-CV-00205-MPM-JAD. The Fifth Circuit "dismissed [Bradley's appeal] as frivolous," informing him that "the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal." *Bradley v. Miss. Dep't of Corr.*, 283 Fed. App'x 250, 251 (5th Cir. 2008). The classification of the appellate dismissal as frivolous, in conjunction with the two "strikes" in *Bradley v. Thompson*, 4:98-CV-00171-GHD-JAD (dismissed as frivolous), and *Bradley v. MDOC, et al.*, 4:06-CV-00205-MPM-JAD (dismissed for failure to state a claim), constitutes Bradley's third strike. Thus, pursuant to 28 U.S.C. § 1915(g), Bradley may proceed as a pauper only if he can demonstrate that he is in imminent danger of serious physical harm.

As detailed in the Court's earlier order, Doc. #6, Bradley's complaint challenges the conditions of his confinement under 42 U.S.C. § 1983. Upon careful review, his allegations do not raise an inference that he is in imminent danger of serious physical harm.

It is therefore **ORDERED** that Bradley's pauper status is **REVOKED**, and the prior order [16] granting him leave to proceed *in forma pauperis* is **WITHDRAWN**.

It is further **ORDERED** that Bradley must pay the filing fee within twenty-one (21) days of the date of this order. If Bradley fails to pay the filing fee within twenty-one (21) days, the Clerk of the Court is **DIRECTED** to dismiss this case without further action by the Court.

**SO ORDERED**, this 23rd day of September, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**