IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MONDRIC BRADLEY**                                                **PLAINTIFF**

**V.**                                                **NO. 4:14-CV-13-DMB-JMV**

**CHRISTOPHER B. EPPS, et al.**                                     **DEFENDANTS**

**ORDER**

On September 23, 2015, this Court dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g) Mondric Bradley's complaint challenging the conditions of his confinement. Docs. #23, #24. Since entry of the final judgment of dismissal, Bradley has filed various unsuccessful and frivolous papers seeking to reinstate this case. *See* Docs. #27, #29, #31, #32, #42, #44. He also has submitted a number of other documents, most of which were indecipherable.[1] These post-judgment filings included a motion for an evidentiary hearing, Doc. #34, which was dismissed as moot March 19, 2020, Doc. #35, and a motion seeking reconsideration of the hearing dismissal, Doc. #37, which was denied April 9, 2020, Doc. #38. Bradley's appeal of such dismissal and denial is currently pending before the Fifth Circuit. Doc. #40. Additionally, on June 23, 2021, Bradley filed a motion in which he appears to request his release from custody. Doc. #43.

Regarding Bradley's request for release from custody, in the Fifth Circuit, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *accord Edge v. Stalder*, 240 F.3d

---

[1] For many of these documents, the Court was unable to determine what relief Bradley was seeking.

1074 (5th Cir. 2000). Because release from custody is a habeas corpus remedy and cannot be pursued under § 1983, Bradley's motion for release [43] is **DENIED**.

In addressing Bradley's frivolous post-judgment filings, the Court has expended time and resources which could have been devoted to meritorious issues. Considering that Bradley's motion to reconsider dismissal has been denied, that his appeal of the denial of an evidentiary hearing is pending, and that there appears to be no valid reason for him to file any further documents in this case, except perhaps those necessary for appeal, Bradley's stream of meritless filings in this case must end. Accordingly, within twenty-one (21) days of the entry of this order, Bradley is **ORDERED** to show cause why any future submissions by him, other than those necessary for appeal, should not be docketed as correspondence, which would require no ruling or other action by the Court.

**SO ORDERED**, this 30th day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**